■ BEKINS VAN LINES COMPANY, Appellant-Respondent, v NAUM MOVING AND STORAGE COMPANY, INC., et al., Respondents-Appellants.—Order unanimously affirmed without costs. Memorandum: On April 7, 1989, the parties herein entered into a complex transaction concerning the transfer of assets and the refinancing of debt. Plaintiff brought a motion for summary judgment in lieu of complaint, claiming monies due under three promissory notes, and defendants cross-moved for summary judgment rescinding the parties' agreement. The determination of plaintiff's claim is controlled, as agreed upon

by the parties in the notes, by Illinois law. Supreme Court denied the motions, and the parties cross-appeal. We affirm.

In the circumstances of this case, the notes must be read together with and in reference to the contemporaneous agreements executed among the parties *(see, Magnuson v Schaider,* 183 Ill App 3d 344, 357, 364, 538 NE2d 1309, 1318, 1322; *see also,* Ill Rev Stat ch 26, ¶ 3-119 [1]). Defendants allege that plaintiff has breached those agreements. If those allegations, made upon personal knowledge, are substantiated, defendants would have a defense to plaintiff's claim premised on the failure of consideration *(see, Schwaner v Belvidere Med. Bldg. Partnership,* 155 Ill App 3d 976, 985-986, 508 NE2d 522, 528; *First Natl. Bank v Chapman,* 51 Ill App 3d 738, 740, 366 NE2d 937, 940). Accordingly, plaintiff is not entitled to judgment as a matter of law.

We have examined the issue raised by defendants' cross appeal, which is governed by New York law, and find it to be without merit *(see, Rudman v Cowles Communications,* 30 NY2d 1, 13-14). (Appeals from Order of Supreme Court, Onondaga County, Miller, J.—Summary Judgment.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.